# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MERCEDES VÁZQUEZ-VÁZQUEZ, ET. AL.**

    **Plaintiffs,**

    v.

**HOSPITAL HERMANOS MELÉNDEZ, ET. AL.,**

    **Defendants.**

**CIVIL NO. 20-1387 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs sued Dr. Salvador Mercado along with other physicians and parties under Puerto Rico law, complaining of damages resulting from medical malpractice. Dr. Mercado claims the action against him is untimely and should be dismissed on that basis (Docket No. 48). Medical malpractice actions are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31 § 5298.[1] The limitations period "begins to run one day after the day of accrual." Centro Médico del Turabo v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005). A claim accrues "when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor." Tokyo Marine and Fire Ins. Co., 142 F.3d 1, 3 (1st Cir. 1998). As the critical events occurred between May 2017 and June 2017 and the present action was filed on August 5, 2020, the action against Dr. Mercado is time-barred.

---

[1] Given that the present case was filed before the enactment in 2020 of the new Puerto Rico Civil Code, Act No. 55 of June 1, 2020, the case is governed by the Puerto Rico Civil Code of 1930, as amended, P.R. Laws Ann. tit. 31.

Vázquez-Vázquez, et. al. v. Hospital Hermanos Meléndez, et. al.
Civil No. 20-1387 (PAD)
Memorandum and Order
Page 2

Plaintiffs argue there is no timeliness problem because in 2018 they filed a medical malpractice case against most of the same defendants they sued in the instant action (Docket No. 60, p. 4). The filing of that action, which the state court dismissed for lack of prosecution, tolled running of the statute of limitations. But only as to the defendants who were sued, and Dr. Mercado was not a party in that case. Plaintiffs assert that does not matter, because Dr. Mercado is jointly and severally liable with the parties sued in the state case. The issue is disposed of by Fraguada-Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 2012 WL 3655336 (Aug. 13, 2012), an English translation of which is attached as Appendix I.

In Fraguada, plaintiffs moved to amend the complaint to add two defendants as joint tortfeasors six years after filing of the complaint against a hospital and several doctors. See, App. I, at p. 3. The Puerto Rico Supreme Court explained that tort actions belong to the category of imperfect solidarity. Id. at p. 24. In those instances, the interruption of the statute of limitations against a tortfeasor does not toll running of the period against other potential tortfeasors. Id. In consequence, the Supreme Court held that the action against the newly added defendants was untimely. Id. at p. 26. So too here.

Plaintiffs state they included several "John Does" in the state case in lieu of the names of doctors and nurses yet to be identified (Docket No. 60, p. 11). Yet during the pendency of that action, they did not move to substitute any of the "John Does" for Dr. Mercado and they have not explained what due diligence, if any, they employed to timely and diligently identify all possible tortfeasors during the pendency of that case before it was ultimately dismissed. Under these circumstances, the pleadings call for dismissal as to Dr. Mercado.[2] A late claim "cannot resurrect

---

[2] Dismissal is appropriate "when the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a

Vázquez-Vázquez, et. al. v. Hospital Hermanos Meléndez, et. al.
Civil No. 20-1387 (PAD)
Memorandum and Order
Page 3

an expired action." Santiago-Castillo v. Cayetano, 2015 WL 1918670 *1, *3 (D.P.R. 2015). Therefore, the motion at Docket No. 48 is GRANTED and the case against Dr. Mercado, his spouse, conjugal partnership and insurer DISMISSED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2021.

s/Pedro A. Delgado Hernández
PEDRO A. DELGADO HERNÁNDEZ
United States District Judge

---

factual predicate that would provide a basis for tolling the statute of limitations." Smith v. Condado Duo La Concha SPV, LLC., 140 F.Supp.3d 213, 214 (D.P.R. 2015). That is what the record shows in this case.