IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MERCEDES VÁZQUEZ-VÁZQUEZ, ET. AL.**

    **Plaintiffs,**

    v.

**HOSPITAL HERMANOS MELÉNDEZ, ET. AL.,**

    **Defendants.**

**CIVIL NO. 20-1387 (PAD)**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is co-defendant Dr. Sandra Maldonado-Rivera's "Motion to Dismiss" (Docket No. 91), which plaintiffs opposed (Docket No. 95). Dr. Maldonado-Rivera replied (Docket No. 100). The motion is GRANTED for the same reasons stated in the Memorandum and Order regarding Dr. Mercado (Docket No. 147).

Admittedly, there is a distinction concerning Dr. Maldonado-Rivera – as compared to Dr. Mercado – in that plaintiffs made a general reference to "Dr. John Doe Maldonado" in the 2018 medical malpractice state suit. Yet, as with Dr. Mercado, during the pendency of that state action, plaintiffs did not move to substitute the general "Dr. John Doe Maldonado" reference – which alluded to a male doctor – for Dr. Sandra Maldonado-Rivera. Additionally, plaintiffs have not explained what due diligence, if any, they employed to timely and diligently identify all possible tortfeasors during the pendency of that state case before it was ultimately dismissed.

Vázquez-Vázquez, et. al. v. Hospital Hermanos Meléndez, et. al.
Civil No. 20-1387 (PAD)
Memorandum and Order
Page 2

Under these circumstances, the pleadings call for dismissal as to Dr. Maldonado-Rivera.[1] A late claim "cannot resurrect an expired action." Santiago-Castillo v. Cayetano, 2015 WL 1918670 *1, *3 (D.P.R. 2015). Therefore, the motion at Docket No. 91 is GRANTED and the case against Dr. Maldonado-Rivera, her spouse, conjugal partnership and insurer DISMISSED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of October, 2021.

                                                     s/Pedro A. Delgado Hernández
                                                     PEDRO A. DELGADO HERNÁNDEZ
                                                     United States District Judge

---

[1] Dismissal is appropriate "when the allegations show that the passage of time between events giving rise to the claim and the commencement of the action exceeds the applicable limitations period, and the complaint fails to sketch a factual predicate that would provide a basis for tolling the statute of limitations." Smith v. Condado Duo La Concha SPV, LLC., 140 F.Supp.3d 213, 214 (D.P.R. 2015). That is what the record shows in this case.